IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DWIGHT JACKSON, ) | |
| ) | |
| Defendant, ) | |
| ) | 86 CR 426 |
| v. ) | |
| ) | Judge John Z. Lee |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff. ) | |

**MEMORANDUM OPINION AND ORDER**

Dwight Jackson, a federal prisoner, brings this *pro se* motion [96] to correct his sentence pursuant to the "old" Federal Rule of Criminal Procedure 35(a)—that is, the version of Rule 35(a) applicable to offenses committed prior to November 1, 1987. Jackson asserts that his sentence under 18 U.S.C. § 1202(a)(1) was illegal because he was convicted and sentenced under only a sentencing enhancement, rather than a statutory provision. For the reasons discussed below, the motion is denied.

**Background**

On July 25, 1986, Dwight Jackson was indicted on the following counts: (1) armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), Pl.'s Resp. at 1, ECF No. 98; (2) use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), *id.*; and (3) possession of a firearm following five[1] previous felony convictions

---

[1] Jackson's grand jury indictment charged that Jackson, "having been convicted of five robberies . . . did knowingly possess a firearm in or affecting commerce . . . [i]n violation of Title 19, Appendix II, United States Code, Section 1202(a)(1)." Def.'s Reply, Ex. A, Grand Jury True Bill, ECF No. 99. For the enhanced penalties provided for in the second sentence of 18 U.S.C. App'x § 1202(a)(1), only three prior felony convictions are needed. *See infra.*

for robbery, in violation of 18 U.S.C. App'x § 1202(a)(1),[2] Def.'s Reply, Ex. A, Grand Jury True Bill, ECF No. 99.

A jury convicted Jackson on all counts. *See United States v. Jackson*, 780 F. Supp. 1508, 1508 (N.D. Ill. 1991). On February 18, 1987, Jackson was sentenced by Judge Brian Duff of the Northern District of Illinois to consecutive terms on all three counts, including a term of life imprisonment without parole on the § 1202(a)(1) count. *See id.*

Jackson appealed the sentence of life imprisonment to the Seventh Circuit, arguing in part that § 1202 had "expired" by the time he was sentenced and that, furthermore, § 1202 did not permit the imposition of a life sentence without parole. *United States v. Jackson*, 835 F.2d 1195, 1196–97 (7th Cir. 1987). The Seventh Circuit affirmed Jackson's sentence, *id.* at 1198, though Judge Posner wrote a separate concurrence expressing that he felt Jackson's sentence was "excessively severe" given Jackson's crimes and past criminal history, *see id.* at 1198–1200. Soon after, the district court denied a motion by Jackson for a reduction of sentence. *Jackson*, 780 F. Supp. at 1514. Judge Duff explained that he had chosen to impose "the most severe [sentence] ever administered by this court" on Jackson, *id.* at 1509, due in part to Jackson's "long and compelling history of armed violence" and failure

---

[2]  18 U.S.C. App'x § 1202(a)(1) was repealed by the Firearm Owner's Protection Act, Pub. L. No. 99-308, § 104(b), 100 Stat. 449, 459 (1986). The present codification of the criminal statute which encompasses the same conduct is found at 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

2

to demonstrate either "acceptance of [ ]or remorse for his responsibility for this history," *id.* at 1513.

In 2001, Jackson moved under 28 U.S.C. § 2255 to vacate his conviction, contending that (1) the government had committed a *Brady* violation, *Brady v. Maryland*, 373 U.S. 83 (1963); (2) the trial court had erred in allowing the government to introduce evidence of Jackson's three prior armed robberies; and (3) appellate counsel had been ineffective for failing to address these issues on appeal. *United States v. Jackson*, No. 86CR426, 2001 WL 840338, at *1 (N.D. Ill. July 24, 2001). Judge Blanche Manning of the Northern District of Illinois denied his motion, finding the *Brady* and trial error claims procedurally defaulted and concluding that Jackson had failed to demonstrate that appellate counsel's behavior was objectively unreasonable. *Id.* at *3.

## **Legal Standard**

Federal Rule of Criminal Procedure 35 was amended as part of the Comprehensive Crime Control Act of 1984. *United States v. Corbitt*, 13 F.3d 207, 211 (7th Cir. 1993). While the revised Rule 35 applies to offenses committed on or after November 1, 1987, "Old" Rule 35(a) remains applicable to offenses committed before November 1, 1987. *Id.* (citing Act of Dec. 26, 1985, Pub. L. 99-217 § 4, 99 Stat. 1728; Act of Oct. 12, 1984, Pub. L. 98-473, Title II § 235, 98 Stat. 2015).

Old Rule 35(a) provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." *United States v. Celani*, 898 F.2d 543,

544 (7th Cir.1990). "[A]n 'illegal sentence' is one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction does not authorize." *Id.* (*citing United States v. Plain*, 856 F.2d 913, 918 n.5 (7th Cir. 1988)).

## Analysis

Jackson asserts that his life sentence without parole under 18 U.S.C. App'x § 1202(a)(1) was illegal because he was convicted and sentenced under only a sentencing enhancement, rather than a statutory provision. Def.'s Mot. ¶ 3, ECF No. 96. At the time of Jackson's conviction, § 1202(a)(1) provided that:

> [A]ny person who has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both. In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

*United States v. Hawkins*, 811 F.2d 210, 219 n.7 (3d Cir. 1987).

There are two sentences in § 1202(a)(1). The first sentence, beginning with "any person," explains that felons in possession of a firearm in commerce shall be fined up to a certain amount, imprisoned up to two years, or both. The second

4

sentence, beginning with "[i]n the case," specifies that persons with three previous qualifying convictions who possess a firearm shall be fined a greater amount and imprisoned at least fifteen years without parole. The second sentence was added to § 1202(a) in 1984 as part of the Armed Career Criminal Act (ACCA). *United States v. Frederick Jackson*, 824 F.2d 21, 22 (D.C. Cir. 1987).

Jackson's argument relies on the premise that § 1202(a)'s two sentences are two distinct parts: the first sentence a "statutory provision," under which one could be indicted, convicted, and sentenced; and the second sentence only a sentencing enhancement. He then argues that he was indicted, convicted, and sentenced under only the second sentence, rendering his sentence illegal.

As for Jackson's first premise—that the second sentence of § 1202(a) was intended as a mere sentencing enhancement that could not serve as the basis for a conviction—the Court agrees. The second sentence of § 1202 was added as part of the ACCA, *Frederick Jackson,* 824 F.2d at 22. Legislative history—both Congressional reports and statements by the ACCA's sponsors—indicates that Congress intended the addition only to enhance sanctions and not to create a new federal crime. *See Frederick Jackson*, 824 F.2d at 25 (citing H.R. Rep. No. 1073 at 5; 130 Cong. Rec. H. 10,550 (daily ed. Oct. 1, 1984) (statement of Rep. Hughes); 130 Cong. Rec. S. 13,080 (daily ed. Oct. 4, 1984) (statement of Sen. Specter)).

This conclusion is further bolstered by how courts have interpreted the successor provisions to § 1202(a), which was repealed effective November 1986. *See* Firearm Owner's Protection Act, Pub. L. No. 99-308, § 104(b), 100 Stat. 449, 459

5

(1986). The conduct previously proscribed by § 1202(a)(1) is now encompassed by two separate provisions: 18 U.S.C. §§ 922(g)(1) and 924(e)(1),[3] the former "incorporat[ing]" "[t]he substantive crime" of § 1202(a), and the latter incorporating "the enhancement provision." *United States v. Henry*, 933 F.2d 553, 558 (7th Cir. 1991). Defendants cannot be indicted and sentenced under § 924(e) alone. *United States v. Lowe*, 860 F.2d 1370, 1378–80 (7th Cir. 1988).

But while the second sentence of § 1202(a) could not, on its own, serve as the basis for a conviction, to prevail on his motion Jackson would also need to demonstrate that he was indicted and convicted solely under that second sentence. Jackson cites two grounds for his contention that the second sentence was the only basis for his indictment and conviction: first, that his grand jury indictment named five predicate felony robberies, rather than a single robbery, Def.'s Reply at 2 (citing Grand Jury True Bill); and second, that the trial judge found him guilty of "being an Armed Career Criminal in possession of a firearm," in violation of § 1202(a), *id.* at 3. *See also Jackson,* 780 F. Supp. at 1515, Appendix, No. 86 CR 426, 2/18/1987 Transcript.

---

[3]  18 U.S.C. § 922(g)(1) provides that "it shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 924(e)(1) dictates that, "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense . . . such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)."

6

The Court does not find Jackson's argument convincing. First, the second sentence of § 1202(a) "does not stand on its own, but as an expansion of the preceding provision . . . suggest[ing] treatment of the contents as a single offense." *United States v. Hawkins*, 811 F.2d 210, 218 (3d Cir. 1987). Second, while Jackson's grand jury indictment under § 1202(a)(1) provides five examples of his past convictions for robbery, it also charges him with possession of a firearm in or affecting commerce. *See* Grand Jury True Bill. If the indictment under § 1202(a)(1) had mentioned only the past convictions, but not the possession of a firearm, Jackson might have a better argument. But instead, the language of the indictment indicates that Jackson violated § 1202(a)(1) as a whole.

Nor does the transcript from Jackson's sentencing hearing indicate that he was convicted under only the second sentence. The judge stated at the sentencing hearing that Jackson was found guilty by a jury of "being an armed career criminal in possession of a firearm, one count, in violation of 18 U.S.C. Appendix II, 1202(a)." 780 F. Supp. at 1515, Appendix, No. 86 CR 426, 2/18/1987 Transcript. It is true that, by using the term "armed career criminal," the judge referenced the ACCA—the act that added the second sentence of § 1202(a) to the provision. But again, he was found guilty of possessing a firearm—not merely of having multiple prior convictions. The Court thus concludes that Jackson was convicted under § 1202(a) as a whole.[4]

---

[4] Jackson devotes much attention to a D.C. Circuit case, *United States v. Frederick Jackson*, 824 F.2d 21 (D.C. Cir. 1987), which does not support his arguments. *Frederick Jackson* upheld a defendant's enhanced sentence as a thrice-convicted criminal in possession of a firearm, when the defendant had been indicted and convicted only for possessing a firearm as a felon, without specifying the number of prior convictions. *Id.* at 22. The defendant argued that he had been sentenced under a provision for which he had not been

7

Jackson therefore has not demonstrated that his sentence under § 1202(a) was "illegal," meaning that the Court has no grounds under Old Rule 35(a) to correct the sentence.

## Conclusion

For the foregoing reasons, Jackson's motion to correct his sentence [96] is denied.

**IT IS SO ORDERED.**  ENTERED: 9/17/18

*/s/ John Z. Lee*

**JOHN Z. LEE**
**United States District Judge**

---

indicted, *i.e.*, possession of a firearm by a thrice-convicted felon. *Id.* at 22–23. The DC Circuit agreed with the government's construction of § 1202(a) as "merely 'enhanc[ing]' the otherwise applicable sentencing provisions of section 1202(a)," meaning that "once a defendant has been convicted under section 1202(a), the sentencing judge must apply the enhanced penalties provided for in the [second sentence] upon proof of three prior robbery or burglary convictions." *Id.* at 24–25.